REVERSED AND REMANDED.

[Opinion approved November 27, 1883.]

R. A. RUTHERFORD ET AL. V. M. A. STAMPER ET AL.

(Case No. 1372.)

1. SALE BY HEIRS.— A conveyance by the heirs, of an estate which vested in them on the death of the ancestor, and which was made pending administration on the estate, vests in the purchaser whatever interest is left at the close of administration.

2. SAME.— If the deed be to a specific tract, described by metes and bounds, being part of a larger tract, in which the ancestor owned an undivided interest, the deed would not be void, but would be valid against the grantor, and would bind by estoppel at least his interest in the specific land conveyed. It could not prejudice the rights of the other joint owners; but if on partition the specific land should be allotted to the vendor, his deed would vest his right in the purchaser.

3. COLLATERAL PROCEEDING.— An issue cannot be raised by heirs in a collateral proceeding that property of the estate had been purchased indirectly by the administrator in violation of the statute (General Laws 1876, p. 114, § 8). The remedy is by direct proceeding instituted by some one interested in the estate in a reasonable time.

APPEAL from Cook. Tried below before the Hon. J. A. Carroll.

Plaintiffs Rutherford *et al.* brought this action in trespass to try title. Defendant, by answer filed August 5, 1879, pleaded in abatement, first, that plaintiffs claimed by distinct titles; second, that one of the plaintiffs had died during the pendency of the suit. They excepted to plaintiffs' petition, and pleaded not guilty. Plaintiffs suggested the death of Mary F. Patton during the pendency of the suit, and the cause was ordered to proceed in the name of the co-plaintiffs, Emma Carr and William Ruleman. At the trial, the court

submitted thirteen special issues to the jury, and upon the answers given and the agreed facts rendered a judgment for defendants as against Rutherford, and for the plaintiffs Emma Carr and William Ruleman against the defendants for an undivided interest in said land.

Among others, the following special issues were submitted by the court to the jury.

"4th. Was the administration by Rutherford on the estate of William Daniels opened by Rutherford with the honest purpose to administer and wind up said estate, or was it opened by him with the fraudulent purpose and as a scheme to acquire the title to said land?

"Answer. It was opened for the purpose and as a scheme to acquire the title to said land, etc.

"5th. Were the sales of the land from Rutherford as administrator of Williams to F. W. Chandler, and from Chandler to him, Rutherford, honest and fair transactions, or was the same a mere device to pass the title in the land to Rutherford?

"Answer. It was a mere device to pass title in the land to Rutherford."

Rutherford claimed title to an undivided interest in the land in controversy by virtue of a sale to Chandler, and conveyance from Chandler to him. The deed to Chandler was made September 18, 1876, and by Chandler to Rutherford, October 12, 1876.

The court admitted, over the objections of appellants, a statement of conveyances of land made by Rutherford of the Edward Daniels surveys in Grayson and Fannin counties. The material errors assigned are shown by the opinion.

*Throckmorton & Brown* and *Davis & Garnett*, for appellants.

*C. C. & C. L. Potter* and *H. E. Eldridge*, for appellees.

WATTS, J. COM. APP.— The conveyance by the heirs of Wm. Daniels, and pending administration on his estate, was not void on that ground. At the death of Daniels his estate vested by inheritance in his heirs, subject, however, to administration, and their conveyance, pending the same, would vest in their vendees whatever interest might be left to them at the final conclusion of the administration. It is claimed that these conveyances are void because the right of the estate of Wm. Daniels was to an undivided interest in the land, and his heirs conveyed certain specific portions thereof by metes and bounds.

Justice Bonner, in delivering the opinion of the court in March v. Huyter, 50 Tex., 251, said: "It was not intended to decide, in the case of Dorn v. Dunham, 24 Tex., 376; Good v. Coombs, 28 Tex., 34; McKey v. Welch, 22 Tex., 396, and other decisions on this subject, that the deed of one joint tenant, or tenant in common, to a distinct portion of the estate by certain metes and bounds, was absolutely void as to all parties and all interests, but that the effect of such deeds was that they should not prejudice the rights of co-tenants. As against the grantor himself, the deed would be valid and effectual to bind, by estoppel, at least his interest in the specific land conveyed. Pasch. Dig., art. 998. For this purpose, if for no other, the deed objected to was admissible."

So in this case, the conveyances by the heirs of Wm. Daniels vested in their vendees whatever interest these heirs had in the specific land conveyed, subject, of course, to the administration. Such conveyances could not be used to the prejudice of the co-tenants of the estate. But if, in a partition between the co-tenants, this portion of the land should be allotted to the heirs of Wm. Daniels, then their conveyances would have the effect to vest their right in their respective vendees. In such a partition, however, these conveyances would not have the effect of raising any equities as against co-tenants in favor of the heirs or vendees to have that part of the land allotted to them. That is, the rights of the co-tenants are not to be in any way affected by such conveyances. At most, the right conveyed by such deeds is conditional, dependent upon the results of the administration and a fair partition of the land.

However, to the extent of the interest of the heirs in the specific portion of the land conveyed subject to administration, their vendees would also be co-tenants, and it would not affect or prejudice the rights of the other part owners or co-tenants to recognize them as such until a partition is had.

In this case, under the plea of not guilty, the appellees successfully attacked in this collateral proceeding the legality of Rutherford's administration and the order of sale and confirmation to F. W. Chandler, on the ground of fraud, that is, because the whole proceeding, as claimed, was a device for vesting the title of the land in Rutherford.

It clearly appears that the probate court of Bastrop county had jurisdiction of the estate, and that there were subsisting debts against the estate at the time of Rutherford's appointment as administrator de bonis non. Then it cannot be held that this appointment was a nullity. It also appears that at the time the application for the sale

of the land was made by Rutherford there were subsisting debts against the estate, and a necessity was shown for the sale. Clearly, then, the jurisdiction of the court was correctly invoked in making the sale. See Murchison v. White, 54 Tex., 84 and 85; Fleming v. Seeligson, 57 Tex., 524.

But the point of attack seems to be that while Chandler was the ostensible purchaser, that the land was in fact purchased for Rutherford. The fact that in less than one month from the time Rutherford, as administrator, conveyed the land to Chandler, the latter reconveyed to Rutherford by quitclaim deed, may be a significant indication of fraud, whenever that issue is properly made, but it does not appear to us that such issue was or could have been properly presented in this case. At the time that sale was confirmed the statute provided, "and if any executor or administrator should, either directly or indirectly, become the purchaser of any of the property of his testator or intestate, at a sale made by him, upon the complaint of any person interested in the estate, and service thereof and of citation on such executor or administrator, such sale shall be declared void by the county judge, and such executor or administrator decreed to hold the property so purchased in trust as assets." General Laws 1876, p. 114, sec. 86.

It will be observed that the statute furnishes a complete remedy to all persons interested in the estate to have such sales avoided and the property decreed to be assets. Such a proceeding must be instituted by some person interested in the estate within a reasonable time.

The heirs are in privity with the administrator; they are interested in the administration and could resort to the remedy afforded by the statute, and having failed to avail themselves of this remedy, they would not be heard to attack such a sale in a collateral proceeding, and the vendees of these heirs, in this respect, do not occupy any more favorable attitude than their vendors. McCulloch v. Renn, 28 Tex., 796; Murchison v. White, supra. In our opinion the court erred in submitting to the jury this question or issue.

It seems that the court also erred in admitting as evidence, over the objections of appellant, the statement of the conveyances made by Rutherford in Grayson and Fannin counties. This contest was as to the land in Cooke county, and if Rutherford obtained any right to that tract of land, by virtue of the sale and conveyance to Chandler and that of Chandler to him, such right would not be affected by any conveyances made by him of other lands, whether rightfully made or not, that is, in a proceeding like this.

The other questions presented, so far as material, have been settled by the Revised Statutes and subsequent adjudications.

Our opinion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted November 30, 1883.]