ELIZABETH V. FISHER V. R. C. WOOD, ET AL.

(Case No. 1646.)

1. SALES BY EXECUTORS, ETC., UNDER DECREE OF PROBATE COURT—PROCEEDINGS TO SET ASIDE, WHERE EXECUTOR OR ADMINISTRATOR DIRECTLY OR INDIRECTLY PURCHASES.—If, at a sale of property under decree of the probate court, the executor or the administrator of the estate directly or indirectly becomes the purchaser, for himself or for himself and another, the sale may be set aside by the probate court upon the application of persons interested in the estate. (R. S., 2083; Pas. Dig., 5620.)

2. SAME—EFFECT OF ORDER ANNULLING SALE—The effect of such action by the probate court would be to set aside the order of confirmation and to re-vest the title, legal and equitable, in the persons in whom it vested as devisees or heirs at the death of the testator or intestate, subject, however, as before, to administration.

3. SAME—DISTRICT COURTS—JURISDICTION OF, IN PROCEEDINGS TO SET ASIDE DECREES OF PROBATE COURT—Under the constitution of 1876 district courts have no original jurisdiction or general control over county courts, and the decrees of a probate court, through which a sale of property belonging to the estate of a deceased person has been made, cannot be set aside by an original proceeding in the district court. Such decrees, although obtained by fraud, if the fraud does not go to the jurisdiction of the court making them, must stand, unless set aside by some proceeding appellate in its character, if this be sought in the district court. (Citing Franks v. Chapman, 60 Tex.,46.)

4. SAME—EXECUTORS—FRAUDULENT COMBINATIONS—EQUITY—CONSTRUCTIVE TRUSTS. Where, however, at a sale of property under the decree of a probate court, the executor and another have fraudulently combined together to deprive of their rights those interested in the estate of a deceased person, a court of equity will charge the property in their hands with a trust, and will constitute them trustees for those entitled to the estate. To do this, it would not be necessary to set aside the decrees of the probate court ordering and confirming the sale.

5. SAME—FRAUDULENT PURCHASER—EQUITY POWERS OF DISTRICT COURTS—The district courts of this state, in the exercise of their original jurisdiction and general control over executors, administrators, etc., and of their equity powers, under the constitution, while they leave the legal title standing as

directed to be made under the orders of the probate court, will, upon proper averments and proof, affect the fraudulent purchaser with a trust and compel him to hold the property as trustee for those entitled to it; and it matters not whether the fraud which calls this equity power of the court into operation occurred in procuring the orders in probate through which the sale was directed to be made or in the sale itself, or in the making of deeds in violation of the order of confirmation.

6. PROBATE SALES—BONA FIDE PURCHASERS—POWER OF DISTRICT COURT TO CANCEL DEEDS—The district courts of this state, in the exercise of their equity powers, have the authority, where the rights of *bona fide* purchasers have not intervened, to cancel a conveyance made by an executor in violation of the order of the probate court confirming a sale of land, when necessary for the protection of devisees, heirs or creditors of an estate, and they have this authority, notwithstanding a similar power may exist in the probate court.

7. FACT CASE—FRAUDULENT COMBINATION—LACHES—See this case for facts held sufficient to establish a fraudulent combination between the executor and a purchaser at probate sale, such as to authorize a court of equity to charge the property in their hands with a trust in favor of devisees under the will, and for facts held sufficient to relieve a party from the charge of laches.

8. DISTINGUISHED—This case distinguished from Rutherford v. Stamper, 60 Tex., 450.

APPEAL from Waller county. Tried below before the Hon. Wm. H. Burkhart.

The appellants, Elizabeth V. Fisher and Martha D. Jones, the latter joined by her husband, A. L. Jones, claiming as devisees under the will of L. A. Hill, deceased, instituted this suit in the district court of Waller county against R. C. Wood, executor of the will, and Mrs. R. J. Wood and one R. R. McDade, to set aside as fraudulent certain deeds to real estate made by R. C. Wood, as executor, to Mrs. R. J. Wood, and to declare a trust in favor of the plaintiffs in a portion of the land still held by her. No judgment was sought against McDade, who appeared to be an innocent purchaser for value.

The amended original petition alleged that Mrs. L. A. Hill, by her will, duly probated in December, 1874, bequeathed her entire estate in equal portions to the plaintiffs, Elizabeth V. Fisher and Martha D. Jones, and the defendants, R. C. Wood and Mrs. R. J. Wood, and nominated R. C. Wood as the executor of the will; that the estate consisted of $6,000 in money, other personal property of the value of $800 and upwards, and two certain tracts of land, aggregating four hundred and thirty-eight acres, situated in Waller county and fully described in exhibit appended to the petition; that the will provided that the real estate should not be sold, but should be divided amongst the devisees, share and share alike; that on December 29, 1874, the defendant R. C. Wood was duly appointed by the probate court of Waller county executor of the will, and qualified as such; that the land was well improved, was reasonably worth

the sum of $12,000, and was susceptible of an equitable division amongst the devisees in accordance with the provisions of the will, but that the executor, combining and confederating with his co-defendant, R. J. Wood, to cheat, wrong and defraud plaintiffs out of their interest in the real estate and to procure title thereto in himself and R. J. Wood, on May 12, 1875, procured, by fraudulent representations, from the probate court an order authorizing a private sale of the real estate for the purpose of partition, under which order the executor, on December 1, 1875, made a pretended sale and conveyance of the same to R. J. Wood at the price of $5,000, one-half cash and the balance on twelve months' credit, reciting in the deed the payment to him of $2,500 and the execution of Mrs. Wood's note for the remainder, and that the sale was afterwards duly confirmed by the probate court.

The petition further alleges that the sale and conveyance, though nominally to Mrs. R. J. Wood only, were really made in trust for the executor and herself; that the cash payment of $2,500 was never in fact made, but that in lieu thereof Mrs. Wood, on March 17, 1876, reconveyed about one-half, or two hundred and sixty acres, of the land to the executor in his individual right; that on January 10, 1878, R. C. Wood again conveyed this tract of two hundred and thirty acres to Mrs. Wood, and she afterwards conveyed the same to the defendant McDade, who claimed to be an innocent purchaser for value and without notice; that Mrs. Wood still retains the remainder of the land; that plaintiffs did not know or discover, and had no means of discovering, the fraudulent acts and purposes of the defendants, R. C. Wood and R. J. Wood, until about three months next before the commencement of this suit; that the plaintiffs have never received any money, property or other benefit from the sale of the land, and that the executor and the sureties on his bond are insolvent.

The plaintiffs conceding that McDade was a purchaser for value without notice, and alleging that the defendants, Mrs. Wood and the executor, are estopped to deny the validity of his title to the two hundred and thirty acres, seek to recover the remainder of the tract, the title of which is still in Mrs. Wood, and which is of less value than the two hundred and thirty acres conveyed to McDade, on the ground that the pretended sale to her by the executor was fraudulent, and that she holds the moiety in trust for the plaintiffs who have received no portion of the lands or its proceeds.

Plaintiffs aver their willingness to recognize the conveyance to McDade, which the defendants are estopped to dispute, and pray for

judgment canceling the title from R. C. Wood, as executor, to Mrs. R. J. Wood for all of the land conveyed to her, except that portion sold to McDade, both tracts being fully described in exhibits; that the tract be held to be assets of the estate of Mrs. Hill, and that title thereto be vested in the plaintiffs as their proper share of the real estate bequeathed to them by Mrs. Hill. There is also a prayer in the alternative that, should the court be of opinion that final distribution should be made in the probate court, such order be made as be necessary to give effect to the object of the suit.

R. C. Wood and R. J. Wood answered by general demurrer and special exceptions, general denial, limitations of two and five years, laches, and estoppel and bar; that title to the land had been vested in R. J. Wood by decrees of the probate court of Waller county, not vacated, but still subsisting.

R. R. McDade answered by plea to the jurisdiction, that administration had been opened and was still pending in the probate court of Waller county upon the estate of L. A. Hill, under whose will plaintiffs claim title to the land in controversy, by general demurrer and special exceptions, general denial, and by special plea setting up the order of sale, the sale and the executor's report thereof, the confirmation of the sale by the probate court, and that he, the said McDade, was a purchaser in good faith, for valuable consideration and without notice.

The original petition of Mrs. Fisher was filed March 23, 1880, and the intervention of Mrs. Jones on March 14, 1881. Mrs. Jones, it appears, was a minor until January 19, 1879, when she married her co-plaintiff, A. L. Jones, and Mrs. Fisher was a married woman when the cause of action occurred, and continued so until January, 1879.

The defendants' general demurrer and special exceptions were overruled. The cause was tried by the court, without the intervention of a jury. There is no statement of facts, but the judge's conclusions of fact and of law are in the record.

The court found, as conclusions of fact, that the allegations of the petition were substantially established, except as to the issue of fraud; that the charge of fraud against the executor, R. C. Wood, was fully sustained by the evidence; that Mrs. R. J. Wood had actual notice of such facts as would have put a prudent person on inquiry as to the fraudulent purpose of R. C. Wood, and would have led a prudent or ordinarily intelligent person to its discovery, but that she had no actual knowledge of his fraudulent purpose, and he, by reason of her confiding disposition, inexperience in business matters, and implicit

confidence in him, was able to use her without her suspecting or understanding his purpose. The court further found that in the execution of his fraudulent purpose the executor, under the orders of sale and confirmation of the probate court, executed to Mrs. Wood a deed to the entire four hundred and thirty-eight acres of land described in the petition, which deed recited the payment of $2,500 in cash, and, in addition thereto, the execution of her note for $2,500, maturing twelve months thereafter; that no part of the cash payment mentioned in the deed was ever, in fact, paid by Mrs. Wood, but, in lieu thereof, she reconveyed to the executor, in his own right, one-half of the land, which half is the same land subsequently conveyed by her to the defendant, McDade; that the deferred payment for which Mrs. Wood executed her note to the executor had been paid by her to him; that the first deed from the executor to Mrs. Wood, by which he conveyed to her the entire four hundred and thirty-eight acres and her deed to him, reconveying two hundred and thirty acres thereof, though bearing different dates, were, in fact, contemporaneously executed, and that Mrs. Wood still held the remainder of the land.

All the deeds in question, it appears, had been duly recorded. No issue was made in the pleadings as to the mental capacity or incapacity of Mrs. Wood.

Under the foregoing facts the court held, as conclusions of law, that the plaintiffs had not shown such participation on the part of Mrs. Wood in the fraud of the executor as to entitle them to recover against her, and also that the plaintiffs' suit was barred by limitation.

*Sayles & Bassett*, for appellants, that the fraudulent acts of the defendants, as alleged and proved, raised a constructive trust in favor of plaintiffs as to so much of the land as was still held by Mrs. Wood, cited: Hamblin v. Warnecke, 31 Tex., 91; McCoy v. Crawford, 9 Tex., 355; Neill v. Keese, 13 Tex., 187.

That actual notice to Mrs. Wood of such fact as would put a prudent person upon inquiry as to the fraudulent purpose of the executor, was such participation by her in the fraud as to entitle plaintiffs to set aside the transaction, they cited: Mills v. Howeth, 19 Tex., 257; Weisiger v. Chisholm, 28 Tex., 780; Bump on Fraud. Conv., 232, 233, 477.

That the district court had authority to enforce the trust, they cited: Rogers v. Kennard, 54 Tex., 36; Crain v. Crain, 17 Tex., 87; Smith v. Smith, 11 Tex., 102; Becton v. Alexander, 27 Tex., 659.

On limitations, they cited: Decordova v. Smith, 9 Tex., 129; De-

Witt v. Miller, 9 Tex., 239; McCoy v. Crawford, 9. Tex., 353; Carlisle v. Hart, 27 Tex., 350.

*Hutcheson & Carrington*, for appellee, R. J. Wood, on limitation, cited: R. S., arts 3222, 3226; Pas. Ann. Dig., 4616, 4617.

On laches, they cited: McDonald v. McGuire, 8 Tex., 367; Childress v. Grim, 57 Tex., 56.

STAYTON, ASSOCIATE JUSTICE.—The facts alleged in the petition and found to be true by the court below, are sufficient to establish a fraudulent combination between the executor and his co-defendant to deprive the appellants of their interest in the estate of Mrs. Hill, such as, were the property still in their hands, to authorize a court of equity now to charge it with a trust in their hands and to constititute them trustees for those entitled to the estate. To do this, it is not necessary to set aside the decrees of the probate court ordering and confirming the sale.

If, for the preservation of the rights of those interested in the estate, it was necessary to set aside the decrees of the probate court through which the sales were made, that could not be done by an original proceeding in the district court, for under the present constitution the district courts have no original jurisdiction or control over the county courts. Franks v. Chapman, 50 Tex., 46.

District courts, under the present constitution, as did they under the constitution of 1845, have original jurisdiction and general control over executors, administrators, guardians and minors, under such regulations as may be prescribed by the legislature. Const., art. 5, sec. 8; Const. 1845, art. 4, sec. 15. They have also, as courts of equity, the same power as under the former constitution, in so far as the question now before us is concerned.

In Dobbin, admr., v. Bryan (5 Tex., 276), it was said: "The district courts have jurisdiction to investigate and arrest a fraudulent combination between an administrator and others confederating to injure those interested in the faithful administration of an estate."

This jurisdiction was enforced under the tenth section of article four of the constitution of 1845, which, as before said, is no broader than is section eight, article five, of the present constitution, in so far as the question before us is concerned. Newsom v. Chrisman, 9 Tex., 113; Smith v. Smith, 11 Tex., 105; Crain v. Crain, 17 Tex., 85; Becton v. Alexander, 27 Tex., 667.

The order to sell and the order confirming the sale were made by a court having jurisdiction to make them, and, although they may

have been obtained through fraud not going to the jurisdiction of the court, they must stand until set aside by some proceeding appellate in its character, if this be sought in the district court. If, at the sale made, the executor, directly or indirectly, became the purchaser, for himself, or for himself and another, the sale might have been set aside by the probate court upon the application of persons interested in the estate." R. S., 2083; P. D., 5640.

The effect of such action by the probate court would be to set aside the order of confirmation and to revest the title, legal and equitable, in the persons in whom it vested as devisees or heirs at the death of the testator or intestate, subject, however, as before, to administration.

In Rutherford v. Stamper (60 Tex., 450), it was held that a district court in an action of trespass to try title brought in the common form, with no averments which could invoke the equity powers of the court, could not set aside a sale made by an administrator at which he was indirectly the purchaser.

This would seem to be necessarily true; for, without the averment of such facts as will entitle a plaintiff to equitable relief, no such relief can be granted. It does not follow, however, from this, that upon proper averments a court of equity, while it leaves the legal title standing as directed to be made under the orders of the probate court, will not affect the fraudulent purchaser with a trust and compel him to hold the property as a trustee for those entitled to it. That a court of equity has this power there can be no question, and it matters not whether the fraud which calls it into operation occurred in procuring orders in probate through which sales were directed to be made and confirmed, or in the sales, or in the making of deeds in violation of the order of confirmation.

That a court of equity, when the rights of *bona fide* purchasers have not intervened, would have the power to cancel a conveyance made by an executor in violation of the order of a probate court confirming a sale of land, when necessary for the protection of devisees, hires or creditors of an estate, we have no doubt; and this is so, notwithstanding a similar power may exist in the probate court. The record shows that the appellants are entitled to relief as against all the defendants, except the defendant McDade, who is shown to be an innocent purchaser of the legal title, while under the decrees of the probate court it appeared to be in his vendee.

The pleadings of the plaintiffs, in connection with those of the defendants, sufficiently show that they were laboring under disabilities such as would relieve them from the charge of laches; and, besides,

they show such facts and acts of the defendants as were calculated to induce them to believe that the sale was made to Mrs. Wood, and that she had paid one-half of the purchase money at the time the deed was delivered to her. The executor reported that she was the purchaser, and the court confirmed the sale to her, and the evidence tends strongly to show that the report of the executor was untrue.

The deed recited the payment of one-half of the purchase money when no such sum, nor any other, was paid. The executor delivered it with this recital in it, and the vendee received it with a knowledge of its falsity.

Such facts were calculated to lull inquiry by the plaintiffs, who allege that they did not discover the fraud until a short time before the suit was brought; and had they not been laboring under disabilities we are of the opinion that they plead and prove such facts as would entitle them to maintain this action. The plaintiffs are entitled to such relief, if it can be given, as will secure to them the interest in the estate of Mrs. Hill which she gave them by her will. The case as presented, however, does not enable us to know what decree will be necessary to accomplish that purpose, so far as it may be done.

It does not appear what part of the estate of Mrs. Hill still remains in the hands of the executor; in fact, it does not appear whether the administration is still pending. It may be that the plaintiffs can recover the full share of the estate to which they are each entitled without resort to the land now held by Mrs. Wood. If so, as the purpose of the testatrix cannot now be carried out since a part of the land which she directed to be equally divided among the devisees has vested in McDade by title which cannot be divested, the plaintiffs are entitled to receive the value of their respective shares. If this can be otherwise given, there is no necessity to disturb Mrs. Wood in her title to so much of the land as she holds; but, if this cannot be given, the plaintiffs are entitled to a decree which will subject the land now in the hands of Mrs. Wood to the payment of the shares of the estate of Mrs. Hill, to which they are entitled under the will, and for any balance not so paid the plaintiffs will have to look to the executor and his bondsmen.

The court's finding of facts fixes such fraud on the defendants, other than McDade, as to entitle the plaintiffs to relief, and the conclusions of law based on them cannot, in any respect, be sustained.

The judgment will be reversed and the cause remanded, that such inquiries may be made and such facts shown as will enable the court

to enter a decree which will, as far as may be done, protect all parties. Were we to render a decree here this might not be accomplished.

REVERSED AND REMANDED.

[Opinion delivered December 21, 1885.]