## WILLIAM DODD v. R. B. TEMPLEMAN.

### No. 2826.

**Probate Sale—Parol Evidence.**—Probate proceedings showed an order for sale of a tract of land. The return of sale showed sale to J. C. Kendrick. The order of confirmation ordered that deed be made to the purchaser. Deed was executed to *W. C. Kendrick,* who deeded the land to appellee. It was shown by parol that the land had been bid off by W. C. Kendrick at the probate sale, and the testimony tended to show that the administrator was the real purchaser at his own sale, as he charged himself as administrator with the proceeds of the sale, while the nominal purchaser paid nothing. *Held:*

1. That it was competent to prove by parol that W. C. Kendrick was the real purchaser and the mistake in the return of sale in the other name.

2. The order of confirmation only approves the sale, without reference to the purchaser.

3. To avoid the sale for reason that the administrator was the purchaser, neither the necessary parties nor pleadings were before the court.

APPEAL from Grimes. Tried below before Hon. N. G. Kittrell.

The opinion states the case.

*Hutcheson, Carrington & Sears,* for appellant.—1. The court erred in holding that the title of W. Ransom House to the land in controversy ever passed to W. C. Kendrick, and this error is based on two grounds: (1) It is not competent to prove by parol that J. C. Kendrick, to whom the land was recorded as sold, in whose favor confirmed, and deed ordered made, meant W. C. Kendrick in plain contradiction of the record. (2) If competent, the evidence was wholly insufficient to have sustained the finding, because W. C. Kendrick, the pretended purchaser, showed that he never bought, paid for, had deed made, or asserted any claim to the same. Self v. King, 28 Texas, 554; 2 Phill. on Ev., sec. 717; 1 Greenl. on Ev., secs. 277, 287, note 2, sec. 289, note 1, sec. 290; 2 Whart. on Ev., secs.

936, 937, 998; Hiswell v. Hiswell, 5 M. & W., 360; Miller v. Travis, 8 Bing., 244; Clayton v. Nugent, 13 M. & W., 200.

2.   The court erred in its finding of fact that the heirs of House conveyed all their interest to Templeman, whereas the Boren part of House's heirs conveyed their interest to Dodd, and not to Templeman.

3.   The court should have held that the title remained in the heirs of House, as against W. C. Kendrick, or as an outstanding title in J. C. Kendrick.   In either event there should have been a partial or entire recovery by defendant.   Sypert v. McCowen, 28 Texas, 638; Terrell v. Martin, 64 Texas, 121.

4.   The court erred in admitting the testimony of Kendrick and Beauchamp, and of the deed of Kendrick, in that the same was contradictory of the record, showing that one J. C. Kendrik purchased the property, specially that W. C. Kendrick disclosed the fact that it was not he who purchased the property, and the evidence was not admissible to show title in W. C. Kendrick.   Terrell v. Martin, 64 Texas, 121; Aiken v. Horn, 2 Ct. App. C. C., sec. 8.

*H. H. Boone,* for appellee. — 1. The court did not err in holding that the title to that part of the land claimed through the W. Ransom House estate, under title deraigned from Wyatt Anderson, one of the heirs of Nancy Anderson, the grantee, passed from the estate of W. Ransom House to W. C. Kendrick; nor in permitting appellee to show by the testimony of C. H. Beauchamp, the administrator of said estate, that he made a mistake in one of the initial letters of the real purchaser in his report of the sale of such land.   Foster v. Wells, 4 Texas, 105; Clay v. Holbert, 14 Texas, 189; Shields v. Hunt, 45 Texas, 426; Golden v. Patterson, 56 Texas, 628; Tapp v. Corey, 64 Texas, 594; 1 Greenl. Ev., sec. 291; 2 Whart. Ev., secs. 949, 957, 986; Tarleton v. Johnson, 60 Am. Dec., 516; 25 Alabama, 300; Nicholay v. Kay, 42 Am. Dec., 684, notes.

2.   The court did not find that all the heirs of W. Ransom House conveyed all their interest to Templeman, because the court found that the Boren minors were heirs of said W. Ransom House, and that they by their guardian had conveyed whatever interest they might have had to appellant William Dodd.   But if the court had so found as complained in this assignment, it would have been immaterial, as the court correctly found that the title of W. Ransom House had passed out of his estate and his heirs by the sale of the administrator to Kendrick, and by Kendrick to appellee Templeman.

3.   The court did not err in holding that appellee acquired title to the Wyatt Anderson portion of the Anderson league by sale from Wyatt Anderson to W. Ransom House, by his administrator to Kendrick, and by Kendrick to appellee, and that the heirs of W. Ransom House, including the Boren minors, had no interest therein.

STAYTON, CHIEF JUSTICE.—Appellee brought this action to recover a part of league of land granted to Nancy Anderson, who died intestate, leaving five children. It seems to be conceded that the part of the league in controversy, by some voluntary partition between the heirs, became the property of Walter and Wyatt Anderson, two of the children.

There is no question raised on this appeal as to the right of appellee to so much of the land as formerly belonged to Walter Anderson, but that he was shown to be the owner of the interest inherited by Wyatt Anderson is denied.

It is shown that Wyatt Anderson conveyed his interest in the land to W. Ransom House as early as 1861, but that the deed through which this was done was lost. House having died and the deed from Anderson having been lost, on October 8, 1886, Anderson executed a deed to the heirs of House, which recited that it was made as a substitute for the lost deed.

Appellee claims the interest conveyed to House through a sale made by the administrator of his estate, and further by a conveyance made to him by four of the five heirs of House.

Appellant claims through a conveyance which passed to him the interest of one of the heirs of House, but these conveyances from the heirs were all made after the sale which it is claimed was made by the administrator of the estate through which appellee claims.

From this statement it will be seen that appellee was entitled to recover if the sale made by the administrator was valid, provided he has shown that he acquired the title which thus passed from the estate of House. If title did not thus pass from the estate of House and by subsequent conveyance to appellee, then he is not entitled to recover more than four-fifths of the land conveyed by Wyatt Anderson to House.

It appears that at the August Term, 1867, the Probate Court, in which the estate of W. Ransom House was in course of administration, ordered the sale of the interest of the estate of the land in controversy.

A report by the administrator was made to the January Term of that court for 1868, which showed that the land had been sold to "J. C. Kendrcik" at 25 cents per acre. This sale was confirmed.

On the trial a deed from the administrator, dated May 14, 1886, conveying the land to W. C. Kendrick was offered in evidence. This deed recited the orders in probate and that it was made in the place of a deed executed by the administrator to Kendrick in January, 1868, which had been lost or mislaid.

The administrator testified as follows: "I never knew any one by the name of J. C. Kendrick as administrator of W. R. House. I sold the 1280 acres of land out of the Nancy Anderson league, situated in Grimes County, to W. C. Kendrick, Plantersville, Grimes County, Texas. I sold the land mentioned to W. C. Kendrick of Grimes County, Texas, and not to J. C. Kendrick. I had an order of court authorizing the sale, and

made a report of sale to the court which ordered the sale. The name of the person to whom said sale was made is correctly stated, except as to the first initial letter, which in the report appears as J., and ought to be W., which would make the report read as W. C. Kendrick, instead of J. C. Kendrick. This is a clerical error, and I presume occurred by the report of sale having been written up by my attorney, and having escaped my notice in signing same. The name of J. C. Kendrick appears in the report as purchaser, but the sale and deeds were made to W. C. Kendrick."

Upon cross-examination he testified as follows: "I did not visit the house of William Roberts at any time in company with any one by the name J. C. Kendrick, but did perhaps visit there frequently with a James Kindred. I say the report was true, except as to first initial letter of the name of the purchaser of the land in question, which ought to have been W., instead of J., as explained in answer to the seventh interrogatory. I do say that the name of the party to whom the land was sold was W. C. Kendrick, and I further say that said sale was made to W. C. Kendrick in accordance with his authority and acceptance, and that by an agreement with him I paid for him the purchase money for the land, and made full settlement with the estate therefor."

So far as the record shows, no objection was made to this evidence.

Appellee offered in evidence a deed from W. C. Kendrick conveying to him the land sold by the administrator, and further showed that the latter had charged himself in his accounts with the Probate Court with the sum for which the report showed the land had been sold.

There is nothing to show that he did not pay out all moneys with which he charged himself.

W. C. Kendrick testified that he never purchased, paid for, or had deed made to him, or paid taxes on, or claimed the land, although the record discloses the sale of this land to J. C. Kendrick in 1867. He testified to having a dim recollection that Beauchamp, administrator, once asked him to let him use his name in bidding the land in; that that conversation he had forgotten, until a letter from Beauchamp refreshed his recollection; that he has never heard of it since, and asserted no claim to the land. He further stated: "All I know about the matter is that Beauchamp, the administrator, told me he was going to buy a piece of land, take a deed in my name, and I could keep or deed same back to him. Beauchamp never asked me for any money due on the land; never authorized Beauchamp to pay any money for me on the land."

In the deed which W. C. Kendrick executed to appellee he recited the several orders made in the Probate Court, the execution of a deed to himself by the administrator, stated that four of the heirs of House had conveyed to appellee, and that the instrument then by him executed was for the purpose of removing the cloud thereby placed on appellee's title.

He further stated in the face of that deed that the deed from the ad-

mininistrator to himself was made without his knowledge or consent, and that he had never paid anything for the land.

Subsequently he made another deed to appellee which did not contain the recitals and statements contained in the deed before mentioned, and the consideration for these conveyances was $150, paid by appellee.

The first assignment of error is that "the court erred in holding that the title of W. Ransom House to the land in controversy ever passed to W. C. Kendrick, and this error is based on two grounds: 1. It is not competent to prove by parol that J. C. Kendrick, to whom the land was recorded as sold, in whose favor confirmed, and deed ordered made, meant W. C. Kendrick, in plain contradiction of the record. 2. If competent, the evidence was wholly insufficient to have sustained the finding, because W. C. Kendrick, the pretended purchaser, showed that he never bought, paid for, had deed made, or asserted any claim to the same."

There was no objection made to the admission of the evidence by which it was shown that the real purchaser was W. C. Kendrick, and that in the report of sale the name of J. C. Kendrick was inserted by mistake, and we understand the objection now to be that the court erred in giving any effect to it, on the theory that the report of sale was conclusive as to who the purchaser was.

The decree of confirmation directed "that conveyances be made to the purchasers," and if the word "competent" is used in the sense of "suitable" or "sufficient," we do not see that the evidence was wanting in competency to establish the fact that W. C. Kendrick was the purchaser at the sale.

If it be meant that the report of sale was conclusive as to who the purchaser was, and that for this reason, notwithstanding the evidence admitted, the court should have found that W. C. Kendrick was not the purchaser, then we think the proposition can not be sustained.

The purpose of a decree of confirmation is not so much to determine what particular person is entitled to complete title to thing bought, as to determine that the sale was made in such manner and for such price as justifies the court's sanction to the completion of the purchase.

If the sale had in fact been made to J. C. Kendrick, and under his direction the deed made to W. C. Kendrick, the transaction would have been valid even if the decree of confirmation had expressly recognized J. C. Kendrick as the purchaser.

In case of Davis v. Touchstone, 45 Texas, 490, it seems that an order had been made substituting another for the purchaser, and it was said: "The order allowing the substitution of the name of J. A. Davis as the real purchaser, after a confirmation of the sale to H. W. Davis, we do not regard as beyond the power of the court if, as must be presumed, it was made with the assent of H. W. Davis. Even without such an order it would have been competent for H. W. Davis, his bid having been paid,

· to have the deed made to such person as he might direct." Ewing v. Higby, 7 Ohio, 204, is to same effect.

In a case involving a similar question the Supreme Court of the United States said: "This is a matter entirely between such person (the purchaser named) and those to whom the deed was made; to Cutter (the person whose property was sold) it is immaterial to whom the conveyance was made; his right was extinguished by the sale and confirmation. It is equally immaterial to those who claim under Cutter who received the deed, Stanley, the purchaser, or Foster, the plaintiff. It was a matter between themselves, which can have no effect on the validity of the sale were it unexplained." Voorhees v. The Bank, 10 Pet., 479.

Evidence to show the mistake in the name of purchaser in report of sale was properly received, but had there been no evidence on that question, it was not for appellant, on that account, to question the right of W. C. Kendrick to the deed.

There is evidence tending strongly to show that the purchase was made in the name of W. C. Kendrick for the administrator, and if this was true, those interested in the estate, by timely and proper procedure, could have had the sale set aside, but that could not be done in this case. Rutherford v. Stamper, 60 Texas, 447; Fisher v. Wood, 65 Texas, 200. Neither the necessary parties nor pleadings are before the court to authorize such action.

. The court found that the sale was in fact made to W. C. Kendrick, and there was evidence which justified that finding, though it tended strongly to show that the purchase was for the benefit of the administrator. The facts found vested title in Kendrick, through whom appellee claims.

The finding of the court, taken as a whole, was that appellee bought from four of the heirs of House their interest in the land, and that appellant had bought the interest of the other heir, though there was one finding in effect that appellee had purchased from all the heirs; but those findings became immaterial in view of the fact that the sale by the administrator divested the heirs of interest.

The only other assignments present in a different form the same question already considered.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered February 7, 1890.