Dollie YALE et al., Appellants,

v.

H. M. BOYD et al., Appellees.

No. 16087.

Court of Civil Appeals of Texas.

Fort Worth.

March 11, 1960.

Sewell & Forbis and James E. Forbis, Decatur, for appellant.

Nelson, Montgomery, Robertson & Sellers, and Allan D. Montgomery, Wichita Falls, for appellees H. M. Boyd, Willie Boyd and Monsanto Chemical Co.

Thornton & Thornton, and R. E. Thornton, Olney, for appellees R. H. Busby and Hayden Farmer.

BOYD, Justice.

Dollie Yale and Belle Wortman, joined by her husband W. W. Wortman, filed suit in trespass to try title against Willie Boyd and husband, H. M. Boyd, and R. L. Morris. Morris filed a general denial and a plea of not guilty. The Boyds filed a general denial and pleaded not guilty and filed a cross-action, impleaded A. A. Drummond, E. G. Gasperson, and Roy C. Coffee, and asked for judgment for title. R. H. Busby, Hayden Farmer, R. L. Morris as executor of the estate of Annie Morris, deceased, and Monsanto Chemical Company intervened and asked that their title to various mineral interests be established. On trial to the court judgment was rendered that the plaintiffs take nothing, and that the Boyds recover from the plaintiffs and third party defendants the title to the lands, subject to the mineral estates claimed by Morris and the interveners, which title was established in them. From this judgment Dollie Yale, Belle Wortman and husband, A. A. Drummond, E. G. Gasperson, and Roy C. Coffee have appealed.

The common source of title was in Samuel Stuart and his wife Nancy Stuart, the land being their community property. Nancy died intestate in 1887, leaving surviving her the children of that marriage, being a son, J. E. Stuart, and three daughters. After Nancy's death, Samuel married M. L. Stuart, by which marriage he had two children, Dollie Yale and Belle Wortman. Samuel died intestate in March, 1913, and his wife M. L. died in 1936. J. E. Stuart acquired from his three sisters, daughters

of Nancy, all of their interest in the land. He was also grantee in a deed from W. N. Pruett, who had theretofore on the same day bought the land from J. E. Stuart as administrator of his father's estate. J. E. Stuart died testate in June, 1953, devising his property to his niece Willie Boyd, who claims one-half of the minerals in the land in controversy through a chain of title from J. E. Stuart and claims all of the surface under J. E. Stuart's will, it being her contention that J. E. Stuart acquired all of the title by inheritance, by purchase from his sisters, and through the administrator's deed. Mrs. Yale and Mrs. Wortman claim one-twelfth each by inheritance from their father, Samuel Stuart.

J. E. Stuart, who admittedly owned five-sixths interest in the land and who claimed the remaining one-sixth through the deed from Pruett, conveyed to R. L. Morris a one-half interest in the minerals under the entire tract, this interest being community property of Morris and his wife Annie, who died intestate. Appellants concede the validity of the claim of Morris, individually and as executor. The Boyds executed a mineral lease which is now held by Monsanto Chemical Company. Morris leased to Busby and Farmer. Mrs. Yale executed a lease to Drummond and Mrs. Wortman executed a lease to Gasperson. Coffee has a judgment lien against Gasperson.

The Boyds and the interveners Busby, Farmer, and Monsanto, claim under a regular chain of title and by the various statutes of limitation. The regular chain includes J. E. Stuart's deed as administrator to Pruett and Pruett's deed to J. E. Stuart, which deeds appellants say were ineffectual to convey the interests claimed by Mrs. Yale and Mrs. Wortman. If appellants' contention in this respect be not sustained, it will be unnecessary to consider appellees' defenses of limitations.

Appellants contend that J. E. Stuart, who undertook to sell the land as administrator, was not duly appointed and qualified; but if so, the sale was void because the buyer on the same day conveyed the land back to Stuart, and therefore the administrator indirectly sold the land to himself, and for that reason the interests inherited from their father are still vested in Mrs. Yale and Mrs. Wortman.

On April 9, 1913, J. M. McKay was appointed administrator of the estate of Samuel Stuart. He made the oath and bond and returned an inventory and appraisement, which the court approved. On April 8, 1914, the probate court entered the following order: "It having been made to appear to this court that heretofore J. M. McKay was appointed Administrator herein, and that he qualified as such, but has never taken charge of the affairs of said estate, and further the court finds that J. E. Stuart the only son of said Dec'd has made application for appointment as Administrator herein, and for cause as set out herein J. M. McKay the former Administrator herein is hereby removed by this Court."

On the day the order was entered removing McKay, J. E. Stuart was appointed administrator. He made the oath and bond, and filed an inventory and appraisement. On August 30, 1916, Stuart made application to sell the land in controversy. Citation was had, order of sale was entered, notice of sale was had, report of sale was filed and approved, and the administrator was ordered by the court to make the sale. The land was sold to W. N. Pruett on November 21, 1916. On the same day, Pruett and his wife conveyed the land to J. E. Stuart.

■ Appellants contend that McKay was not legally removed as administrator because no service upon him was shown. It was not shown that he was not served, or whether he appeared. He signed J. E. Stuart's bond as administrator, and is not complaining, and is not a party to this suit. Those who had notice, or who were not entitled to notice, cannot complain if McKay had no notice. Taylor v. Hustead & Tucker, Tex.Com.App., 257 S.W. 232.

Nothing being shown to the contrary, we think we must presume that the probate court properly performed the requisite acts in making the order of removal. In such a situation, service will be presumed. Farmer v. Cassity, Tex.Civ.App., 252 S.W.2d 788; Irwin v. Tollett, Tex. Civ.App., 265 S.W.2d 143; Hannon v. Henson, Tex.Com.App., 15 S.W.2d 579.

We do not think the record shows that the administrator's deed is void. It may be voidable, but we think it is not subject to a collateral attack, which this attack undoubtedly is. McCampbell v. Durst, 15 Tex.Civ.App. 522, 40 S.W. 315; Rutherford v. Stamper, 60 Tex. 447; Martin v. Robinson, 67 Tex. 368, 3 S.W. 550; Murchison v. White, 54 Tex. 78; Kleinecke v. Woodward, 42 Tex. 311; Capt v. Stubbs, 68 Tex. 222, 4 S.W. 467; Fisher v. Wood, 65 Tex. 199; Pearson v. Burditt, 26 Tex. 157; Kreis v. Kreis, Tex. Civ.App., 36 S.W.2d 821; Schaeffer v. Williams, Tex.Civ.App., 208 S.W. 220, error refused; Dodd v. Templeman, 76 Tex. 57, 13 S.W. 187, 189.

In the last cited case, which was for the recovery of lands, the court said: "There is evidence tending strongly to show that the purchase was made in the name of W. C. Kendrick for the administrator, and, if this was true, those interested in the estate, by timely and proper procedure, could have had the sale set aside; but that could not be done in this case. Rutherford v. Stamper, 60 Tex. 447; Fisher v. Wood, 65 Tex. [199] 200. Neither the necessary parties nor pleadings are before the court to authorize such action."

This suit cannot be construed to be a suit to engraft a constructive trust upon the land in favor of appellants, since there are no such pleadings and no proof that J. E. Stuart did not receive as administrator and did not pay individually the full value for the land. McCabe v. Cambiano, Tex.Civ.App., 212 S.W.2d 237; Dilbeck v. Blackwell, Tex.Civ.App., 126

S.W.2d 760, error refused. We do not understand appellants to contend that this is other than a trespass to try title suit.

In view of our holding, it is unnecessary to discuss the other points of error, as they pertain to the defense of limitations pleaded by appellees.

The judgment is affirmed.